# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY JOSEPH DRAKE<br><br>　　　　Defendant. | Case No.　2:17-cv-06204-CAS-GJS<br><br>**PROTECTIVE ORDER BASED ON PARTIAL STIPULATION OF THE PARTIES**<br><br>Judge:　Hon. Christina A. Snyder<br><br>Mag. Judge:　Hon. Gail J. Standish<br><br>**SEE ADDITION MADE BY THE COURT IN BOLD** |

I. <u>INTRODUCTION</u>

　　A. <u>PURPOSES AND LIMITATIONS</u>

　　1. Filings and statements in open Court in this Action are likely to involve private information of the non-party individuals referred to in the Complaint and herein collectively or individually as the "Clients," or "Mr. A" and "Ms. A," for which special protection from public disclosure is requested. Accordingly, the Parties and the Clients hereby stipulate to and petition the Court to enter the following Protective Order. The Parties and the Clients acknowledge that this Order does not confer blanket protections on all disclosures and that the protection it affords from public disclosure extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.  By stipulating to the entry of this Order, no Party or Client waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

3. Nothing herein is intended to affect the duty of any Party or the Clients to redact, as a matter of course, personal identifying information as required by Federal Rule of Civil Procedure Rule 5.2, local rule of court (including L.C.R. 5.2), state or federal law, or court order.

### B. GOOD CAUSE STATEMENT

1. The Clients, who are non-parties in the Action, claim to be very private people who vigilantly strive to protect and maintain their personal privacy. Mr. A is or was a professional athlete. The Clients believe that the disclosure of their names and/or identities as the alleged victims, in connection with publicly-filed court documents and in-court statements in this Action, would subject them to, among other things, annoyance and undue burden, including media inquiries and reports about their personal and financial information.

2. This Order aims to protect the Clients' identities and other identifying information from being publicly disclosed with respect to the Action by:

    a. Requiring, in public pretrial filings in this Action the redaction of the Clients' names and other information that would reveal the Clients' names or identities, or alternatively, the use of fictitious names such as "Mr. A" and "Ms. A," or the "Clients," to refer to the Clients, coupled with a sealed version of the same filing that is not redacted; and

    b. Prohibiting in statements in open court in this Action any mention of the Clients' names or other information that would reveal the Clients' names or identities. Such protection will not in any way hinder discovery between the Parties.

## II. ACKNOWLEDGMENT OF PROCEDURE FOR REDACTING AND FILING CLIENT IDENTIFYING INFORMATION UNDER SEAL

1. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to protected information that a party seeks to file under seal.

2. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3. This Court has determined, as set forth in Section I.B above, and based on certain showings in connection with the Clients' Motion for Entry of Limited Protective Order and this Court's statements during the sealed hearing held on February 7, 2018 in this Action, that the Clients have established good cause for this Court to prohibit disclosure of their names and identifying information in public filings and in statements in open court in this Action prior to trial.

4. The Parties are therefore prohibited from publicly filing any document or

1  information or making any statements in open court in this Action that contain
2  Client Identifying Information, defined below. The Parties may instead use fictitious
3  names in filings or in open court to refer to the Clients prior to trial, including "Mr.
4  A" or "Ms. A," or the "Clients."
5      5. In addition, the Parties and the Clients are hereby granted leave of Court to
6  file under seal the portions of such documents that contain or are believed to contain
7  Client Identifying Information. If the Filing Party is uncertain whether a
8  document(s) or portions of document(s) contain Client Identifying Information, the
9  Filing Party shall file the document(s) under seal, and serve all counsel of record,
10 including counsel for the Clients, with an emailed unsealed copy of the filing. If the
11 Filing Party or any other Party objects to maintaining the information under seal, the
12 Parties shall promptly meet and confer. If the Parties cannot resolve the issue within
13 48 hours of the filing, the Party claiming the existence of Client Identifying
14 Information in the document or portion(s) of document(s) shall promptly file a
15 declaration with the Court pursuant to L.C.R. 79-5.2.2(b)(i) establishing that all or
16 part of the material is sealable.
17     6. The Parties may not disclose any Client Identifying Information in open
18 Court in this Action. Where appropriate, the Parties or the Non-Party Clients may
19 move for the Court to seal the courtroom, at which time Client Identifying
20 Information may be disclosed; the portion of the transcript containing such Client
21 Identifying Information will be redacted or filed under seal.
22 **III.**    <u>**DEFINITIONS**</u>
23     1. <u>Action</u>: Action means the above-entitled Case No. 2:17-cv-06204-CAS
24 (GJS).
25     2. <u>Client Identifying Information</u>: Client Identifying Information means
26 documents or information that contain sufficient personal details to reveal, directly
27 or indirectly, the names or identities of either or both Clients.
28     3. <u>Filing Party</u>: Filing Party means any Party or non-party to this Action that

4

intends to file any document or information in this Action that could reasonably be viewed as containing Client Identifying Information.

4. <u>Party or Parties</u>: Party or Parties means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staffs).

IV. <u>DURATION</u>

Once a case proceeds to trial, documents and information that were redacted and/or filed under seal as containing Client Identifying Information pursuant to this protective order used or introduced as an exhibit at trial become public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). If the action is resolved without trial, the documents filed with redactions or filed under seal shall remain protected from disclosure absent a Court order to the contrary.

V. <u>CLIENT IDENTIFYING INFORMATION SUBPOENAED OR ORDERED PRODUCED IN THIS OR OTHER LITIGATION</u>

**If a Party serves, or is served with, a subpoena or a court order issued in this Action or in other litigation that includes or compels disclosure of Client Identifying Information related to this Action, that Party must:**

**(a) notify in writing counsel for the Clients two court days before the Party serves the subpoena or order, or within two court days of the Party's receipt of the subpoena or order. Such notification shall include a copy of the subpoena or court order;**

**(b) promptly notify in writing the party or entity who caused the subpoena or order to issue in this Action or in the other litigation that some or**

1  **all of the material covered by the subpoena or order may be considered**
2  **sensitive – and subject to a limited Protective Order that binds the parties and**
3  **Clients – and that the Clients may seek a further protective order specifically**
4  **related to the subpoenaed materials. Such notification shall include a copy of**
5  **this Protective Order; and**

6  **(c) If the Clients choose to seek a further protective order, they shall do**
7  **so within 3 court days of notice of the subpoena, and shall include all evidence**
8  **they wish the Court to consider in determining whether further protection is**
9  **warranted.**

10 **(d) By way of this Order, the Court requests that any entity on which**
11 **such a subpoena is served not produce any information containing Client**
12 **Identifying Information before a determination is made by the court from**
13 **which the subpoena or order issued as to the propriety of a further protective**
14 **order, unless the Party has obtained the Clients' permission. The Clients shall**
15 **bear the burden and expense of seeking protection in that court of their Client**
16 **Identifying Information, and nothing in these provisions should be construed as**
17 **authorizing or encouraging a Party in this Action to disobey a lawful directive**
18 **from another court.**

VI. UNAUTHORIZED DISCLOSURE OF CLIENT IDENTIFYING INFORMATION

If a Filing Party learns that, by inadvertence or otherwise, it has filed documents with the Court containing Client Identifying Information, the Filing Party must immediately (a) notify the Clients in writing of the unauthorized disclosure, (b) use its best efforts to remove the disclosure from the Court's docket, and (c) inform the Court of the inadvertent disclosure so that the Court may take immediate appropriate action, including but not limited to removing the inadvertently filed Client Identifying Information from the Court's docket.

If a Party, by inadvertence or otherwise, makes statements in open Court containing Client Identifying Information, that Party must immediately (a) notify the Clients in writing of the unauthorized disclosure, and (b) use its best efforts to ensure that the disclosure is not included in a transcript or other publicly-filed document or docket entry in this Action.

## VII. MISCELLANEOUS

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party or any Client to seek modification of this Order by the Court in the future.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party or Client waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party or Client waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. In addition, the Parties and the Clients reserve the right to seek further and additional relief regarding discovery or other matters, as appropriate.

## VIII. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: March 2, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

7